NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ROBERT NISSEN and ARTHUR BLUMENTHAL, | Civil Action No.: 08-5563 (JLL) |
|---|---|
| Plaintiffs, | OPINION |
| v. | |
| THEODOR ROZSA, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion filed by Plaintiffs for a preliminary injunction imposing a constructive trust on money in the possession of Defendant Theodor Rozsa. Plaintiffs' Complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs' request for preliminary injunctive relief is denied.

**I.      BACKGROUND**

Most of the material facts are in dispute. Plaintiffs assert that Plaintiff Blumenthal and Defendant formed a partnership, TR Strategic Group ("TR"), in or around August 2005. (Compl. ¶ 6.) The purpose of creating TR was to represent a company, Sagmel, with the sale of its business. (Id. at ¶ 8.) Plaintiffs assert that they entered into an oral agreement with Defendant to

split the commission from any sale: thirty percent each, with the remaining ten percent to be "paid to the individual(s) who were most involved in consummating the transaction." (Id. at ¶¶ 9, 15.) Sagmel was sold to Bayer Health Care Consumer Care Division ("Bayer") in June 2008. (Id. at ¶ 22.) TR's commission on the sale was $4,320,000, $3,240,000 of which was paid at closing. (Id. at ¶ 23.) The payment was made to Defendant Rozsa, who informed Plaintiffs that the money was placed into an account with "Fidelity in Massachusetts;" Defendant has provided to Plaintiffs no other information regarding the account and has not distributed any of the commission to them. (Id. at ¶¶ 25, 28.) Plaintiffs allege that Defendant Rozsa now asserts that he is entitled to a share greater than what was previously agreed. (Id. at ¶¶ 26-27.) Plaintiffs presently seek to have the commission deposited with the Court pending the outcome of the litigation or to have a constructive trust placed on the commission.

## II.  LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy and should be granted only in limited circumstances." Kos Pharms. Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted). A court may grant a preliminary injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. at 708. A party must produce sufficient evidence of all four factors for the requested injunctive relief to be awarded. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994). Nonetheless, a district court's decision to issue a preliminary injunction is discretionary. Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331, 1334 (Fed. Cir. 2006).

## III.   DISCUSSION

In opposition to Plaintiffs' motion, Defendant argues that Plaintiffs have not demonstrated irreparable harm because the injury alleged is purely economic and such injury is not sufficient to establish irreparable harm. (Br. in Opp'n to Pls.' Mot. for a Prelim. Inj., at 14 [hereinafter "Opp'n Br."] (citing Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).) Plaintiffs, on the other hand, argue that "unsatisfiability of a money judgment can constitute irreparable injury . . . especially in those situations in which the plaintiffs are [asserting] . . . a claim for unjust enrichment," as they are here. (Pls.' Reply Br. in Supp. of Mot. for a Prelim. Inj. to Impose a Constructive Trust on Money in the Possession of Def., at 7 [hereinafter "Reply Br."].)   The Court agrees with Plaintiffs "'that the unsatisfiability of a money judgment can constitute irreparable injury' for the purposes of granting a preliminary injunction." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994). However, to prove such an injury, Plaintiffs must demonstrate that Defendant "probably will be unable to satisfy [the] judgment." Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 206 (3d Cir. 1990); see also Gerardi, 16 F.3d at 1373.

Here, Plaintiffs' Complaint states no facts regarding the likelihood that Defendant will be unable to satisfy the judgment should they prevail. In their motion papers they state: "Plaintiffs want to preserve those assets to which they claim entitlement until a trial on the merits of the case can be concluded." (Reply Br., at 9.) They also state that "[w]ithout the entry of a preliminary injunction, there is no *guarantee* that Defendant will have the financial wherewithal to pay any judgment." (Id. (emphasis added).) Plaintiffs state that they are "concerned that the monies *could be* spent or dissipated." (Pls.' Br. in Supp. of Mot. to Impose a Constructive Trust

on Money in the Possession of Def., at 10 (emphasis added).) This Court finds that mere speculation as to unsatifiability of the judgment or potential dissipation of assets in the absence of any facts supporting such a claim is insufficient to meet its burden to demonstrate irreparable harm. See also Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 327-30 (1999). No evidence has been presented that Defendant is "consuming, dissipating, or fraudulently conveying" the commission collected or his own assets or is otherwise likely to be unable to satisfy a judgment in the absence of the relief requested. See Hoxworth, 903 F.2d at 206; see also Gerardi, 16 F.3d at 1373. Because this Court finds that Plaintiffs have failed to demonstrate that they will suffer irreparable harm in the absence of a preliminary injunction, it is unnecessary to reach the other factors.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Plaintiffs' request for a preliminary injunction. An appropriate Order accompanies this Opinion.

DATED: August 3, 2009

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE