NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT NISSEN and ARTHUR BLUMENTHAL,<br><br>                    Plaintiffs,<br><br>v.<br><br>THEODOR ROZSA and TR STRATEGIC GROUP, LLC<br><br>                    Defendant. | Civil Action No.: 08-5563 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge,

    This matter comes before the Court on appeal of Magistrate Judge Michael Hammer's October 31, 2011 Opinion and Order denying Plaintiffs' motion for leave to file a second amended complaint. The Court has considered the submissions of the parties and for good cause shown, Plaintiff's appeal is denied.

    A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed."
Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co.,
333 U.S. 364, 395 (1948)).  The district court will not reverse the magistrate judge's
determination, even in circumstances where the court might have decided the matter differently.
Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002).  "A
district judge's simple disagreement with the magistrate judge's findings is insufficient to meet
the clearly erroneous standard of review."  Andrews v. Goodyear Tire & Rubber Co., Inc., 191
F.R.D. 59, 68 (D.N.J. 2000).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion.  See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").  "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'"  Lithuanian Commerce Corp., 177 F.R.D. at 214 (quoting Pub. Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995)). However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Lo Bosco, 891 F. Supp. at 1037.  A ruling is "contrary to law" when the magistrate judge has misinterpreted or misapplied the applicable law.  Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

Plaintiff alleges that Magistrate Judge Hammer erred in his order denying Plaintiffs' motion to amend complaint for failure to show good cause under Rule 16. Plaintiffs argue that the more liberal standard of Rule 15 should have been applied. Defendants oppose Plaintiffs' appeal and argue that review under Rule 16 was proper, and even if Magistrate Judge Hammer had considered Plaintiff's request under Rule 15, Plaintiffs' request would be denied because it is futile, unduly prejudicial, and unduly delayed.

Rule 16(b) provides that Plaintiffs must establish good cause before being allowed to amend their pleadings. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). A Magistrate Judge has the discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s requirement. Rule 15(a) provides that amendment must be granted unless there is evidence of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . ." Forman v. Davis, 371 U.S. 178, 182 (1962).

This Court finds that Magistrate Judge Hammer properly considered Rule 16(b) when he denied Plaintiffs' motion to amend their Complaint. Plaintiff's motion for leave to amend was filed two years after the deadline to amend pleadings expired and nine months after fact discovery ended. As Magistrate Judge Hammer correctly noted, "requiring less than good cause would nullify the Court's ability to enforce its [] orders." Further, Plaintiffs did not act with due diligence or suffer any circumstances that would constitute excusable neglect.

Plaintiffs rely on this Court's June 2011 Opinion as good cause for their proposed amendments. In that Opinion, this Court wrote that it would "not address causes of action raised

for the first time in Plaintiffs' summary judgment brief," and noted that "the proper procedure for plaintiffs to assert a new claim is to amend the complaint." Plaintiffs misinterpreted this statement as indicating that Plaintiffs should be allowed to amend their Complaint. However, this Court only intended to clarify that if Plaintiffs wished to assert news claims, they should have attempted to amend their Complaint prior to filing their summary judgment motion.

Plaintiffs further contend that because Magistrate Judge Hammer has not managed this matter from the outset, "has no particular knowledge of the history of this matter" and therefore is not entitled to deference. Pl. Br. at 6. However, Plaintiffs argument completely misstates the standard by which magistrate appeals are governed. Magistrate Judge Hammer is authorized to exercise his discretion and it will only be reviewed for an abuse of same. That deference is especially appropriate when a Magistrate Judge has managed a case from the outset, does not therefore indicate that deference is not appropriate here. To the contrary, there is no indication that Magistrate Judge Hammer did not understand the law or facts at issue in Plaintiffs' motion. Rather, Judge Hammer's October 31, 2011 Opinion includes a detailed factual and legal analysis of his decision. It is hardly the empty factless judgment that Plaintiffs describe in their appeal.

This Court finds that Magistrate Judge Hammer's Opinion and Order was neither clearly erroneous nor contrary to law. Furthermore, Magistrate Judge Hammer has been actively involved in discovery and has demonstrated a thorough knowledge of the proceedings in this matter. He is to be accorded deference under the standard set forth above.

Accordingly, **IT IS** on this 19th day of January, 2012

**ORDERED** that Plaintiff's appeal of Magistrate Judge Hammer's October 31, 2011 Opinion and Order is denied.

**SO ORDERED**.

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE